UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE STRINGER,

        Plaintiff,                      Case No. 19-cv-10286

vs.                                          Honorable Linda V. Parker

M. LENNOX, et. al.,

        Defendants,
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff is an inmate currently confined at the Macomb Correctional Facility in New Haven, Michigan. On February 5, 2019, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to pay the $ 350.00 filing fee, plus the additional $ 50.00 administrative fee, or to submit an application to proceed *in forma pauperis* within thirty days of the order. (ECF No. 3.) To date, Plaintiff has neither paid the filing fee in full nor supplied this Court with the requested information. For the reasons stated below, the Court dismisses the complaint with prejudice.

### **I. Discussion**

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended).

1

*See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he or she files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

The Court dismisses the complaint without prejudice for want of prosecution due to Plaintiff's failure to comply with Magistrate Judge Whalen's deficiency order by failing to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*. *See Erby v. Kula,* 113 F. App'x. 74, 75-6 (6th Cir. 2004); *Davis v. United States,* 73 F. App'x. 804, 805 (6th Cir. 2003).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Nothing in this order precludes plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

                                         s/Linda V. Parker
                                         **HON. LINDA V. PARKER**
                                         **UNITED STATES DISTRICT JUDGE**

Dated: May 23, 2019